**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASANG TSERING LAMA, | No. 13-70488 |
| Petitioner, | Agency No. A088-706-584 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:      LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Pasang Tsering Lama, a native and citizen of Nepal, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding based on Lama's admitted misrepresentations on prior visa applications and based on the discrepancy between his declaration and his asylum office interview regarding the first ransom note. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances); *Singh v. Holder*, 643 F.3d 1178, 1180-81 (9th Cir. 2011) (lies to immigration authorities supported adverse credibility determination). The agency was not compelled to accept Lama's explanations for the discrepancy regarding the ransom note. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Thus, in the absence of credible testimony, Lama's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Lama's CAT claim fails because it is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel the finding that it is more likely than not he would be

tortured by or with the acquiescence of the government if returned to Nepal. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**